IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| EDWIN CHARLES SALTER, | ) | |
| ID # 1483156, | ) | |
|     Petitioner, | ) | |
| vs. | ) | No. 3:08-CV-0126-O (BH) |
| | ) | ECF |
| LUPE VALDEZ, Dallas County Sheriff, | ) | Referred to U.S. Magistrate Judge |
|     Respondent. | ) | |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b) and an Order of the Court in implementation thereof, subject cause has previously been referred to the United States Magistrate Judge. The findings, conclusions, and recommendation of the Magistrate Judge are as follows:

### I. BACKGROUND

Petitioner, a former inmate in the Dallas County Jail who is currently incarcerated in Texas prison system, filed this action as a petition for habeas corpus relief pursuant to 28 U.S.C. § 2254. He names Dallas County Sheriff Lupe Valdez as respondent.

Petitioner was convicted of theft. (Pet. Writ of Habeas Corpus (Pet.) at 2.) He contends that he is eligible for mandatory supervised release. (*Id.* at 5.) While incarcerated in the Dallas County Jail, on August 21, 2007, he was found guilty of a disciplinary violation, and received fifteen days full restriction and lost six to eighteen college credit hours that he would have earned had he not been removed from a prison educational program. (*See id.*) Petitioner appealed the discipline through the prison grievance procedure. (*Id.* ¶ 19.)

In January 2008, petitioner filed the instant action. (Pet. at 1.) He challenges the August 21, 2007 disciplinary proceeding (Case No. N0704863) and resulting punishment. (*Id.* at 2, 5.) In

four grounds for relief he claims that (1) his rights to due process were violated when he lost the privilege of attending computer courses and thus lost college credit hours that he would have otherwise earned; (2) he was denied the right to present evidence at the hearing; (3) he was denied the right to see evidence prior to the hearing; and (4) he was denied his right to fair hearing. (*Id.* at 7-8.)[1] Each claim relates to an alleged deprivation of due process. The Court has not directed respondent to file an answer to the petition.

## II. RELIEF UNDER § 2254

Section 2254(a) of Title 28 of the United States Code directs the courts to "entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." Federal habeas relief cannot be had "absent the allegation by a [petitioner] that he or she has been deprived of some right secured to him or her by the United States Constitution or the laws of the United States." *Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995). Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts (hereinafter Habeas Rule 4) provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and

---

[1] The four grounds for relief actually state: "See Attached Sheets Numbered pp. 1-7." (Pet. at 7-8.) However, rather than attaching the identified seven-page document, he attaches a four-page "Description of 'Acts' or 'Omissions'" regarding defendants one through five and a five-page "Statement of Claims." (*See* Attachments to Pet.) The seven-page document mentioned in the petition is actually attached to a civil action filed by petitioner on the same date as the instant habeas petition. *See Salter v. Dallas Sheriffs Dep't*, No. 3:08-CV-0125-O (N.D. Tex.) (complaint). The civil action is brought against the five defendants described in the four-page attachment to the habeas petition, and the "Statement of Claim" section of the complaint states: "See Attached Sheets Titled 'Claims' [pp. 1-5]." *See id.* Rather than attaching the identified five-page document, plaintiff attached a seven-page attachment titled "Writ of Habeas Corpus". *See id.* It is clear that the five-page attachment to the petition relates to the civil action and the seven-page attachment to the civil complaint relates to the habeas petition. The Court takes judicial notice of the claims raised in the seven-page attachment.

2

direct the clerk to notify petitioner."

> The district court has the power under Rule 4 to examine and dismiss frivolous habeas petitions prior to any answer or other pleading by the state. This power is rooted in "the duty of the court to screen out frivolous applications and eliminate the burden that would be placed on the respondent by ordering an unnecessary answer."

*Kiser v. Johnson*, 163 F.3d 326, 328 (5th Cir. 1999) (quoting Rule 4 Advisory committee Notes).

### III. DUE PROCESS

In this § 2254 habeas action, petitioner alleges due process violations resulting from an August 2007 disciplinary proceeding at the Dallas County Jail. (Pet. at 5, 7-8.)

Although lawful incarceration results in the loss of many rights and privileges that most citizens enjoy, prisoners may retain some liberty interests that are protected by the due process clause. *See Sandin v. Conner*, 515 U.S. 472, 484-85 (1995); *Madison v. Parker*, 104 F.3d 765, 767 (5th Cir. 1997). These liberty interests are generally limited to matters which affect the amount of time served by a prisoner, such as lost good-time credits and eligibility for mandatory supervision. *See Malchi v. Thaler*, 211 F.3d 953, 957-58 (5th Cir. 2000); *Madison*, 104 F.3d at 767. The Fifth Circuit has also recognized that there can be due process implications from an inmate's "confinement in extended lockdown" due to disciplinary action, but not due to his or her initial classification. *See Wilkerson v. Stalder*, 329 F.3d 431, 434-36 (5th Cir. 2003). *Wilkerson* reiterated the test set forth in *Sandin*:

> [Although the] States may under certain circumstances create liberty interests which are protected by the Due Process Clause . . . these interests will be generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.

329 F.3d at 434 (quoting *Sandin*, 515 U.S. 483-84).

In this case, petitioner has alleged that he was placed on full restriction for fifteen days and

3

was removed from an educational program causing the loss of college credit hours. He has alleged neither placement in extended lockdown nor loss of good-time credits as punishment for his disciplinary infraction. The due process clause "does not protect every change in the conditions of confinement having a substantial adverse impact on the prisoner." *See Sandin*, 515 U.S. at 478. Disciplinary restrictions that alter the conditions of confinement do not implicate due process protection unless they represent the type of atypical, significant deprivation which constitutes a liberty interest that is protected by due process. *See id.* at 486; *Malchi*, 211 F.3d at 958; *Madison*, 104 F.3d at 768.

Placement on full restriction for fifteen days does not implicate due process protections. *Cf. Sandin*, 515 U.S. 486 (holding that placement "in segregated confinement did not present the type of atypical, significant deprivation in which a State might conceivably create a liberty interest"). Lost access to prison educational programs likewise does not implicate due process. *See Brown v. Cockrell*, No. 3:01-CV-1090-H, 2002 WL 638584, at *3 (N.D. Tex. Apr. 17, 2002) (accepting recommendation of Mag. J.); *Turner v. Staples*, No. H-06-0293, 2006 WL 237045, at *3 (S.D. Tex. Jan. 31, 2006). Texas prisoners have no protectable liberty interest in prison educational courses. *Ketzel v. Trevino*, 264 F.3d 1140, 2001 WL 822462, at *1 (5th Cir. June 18, 2001) (per curiam).

In the absence of a constitutionally protected liberty interest, prisoners may not challenge disciplinary proceedings through a petition for writ of habeas corpus. Because petitioner has lost no good-time credits and was not disciplined with confinement in extended lockdown, he has stated no due process violation cognizable under 28 U.S.C. § 2254. *See Malchi*, 211 F.3d at 957-58; *Wilkerson*, 329 F.3d at 434-36. The discipline that petitioner received relevant to this case does not represent a significant, atypical deprivation. Because petitioner has asserted no constitutional violation, the Court should summarily dismiss this action under Habeas Rule 4.

4

## IV. EVIDENTIARY HEARING

Upon review of the pleadings filed herein, an evidentiary hearing appears unnecessary.

## V. RECOMMENDATION

For the foregoing reasons, the undersigned Magistrate Judge **RECOMMENDS** that, pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, the District Court summarily **DISMISS** petitioner's application for habeas corpus relief, brought pursuant to 28 U.S.C. § 2254.

**SIGNED this 3rd day of September, 2008.**

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a copy of these findings, conclusions, and recommendation on petitioner by mailing a copy to him. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must file and serve written objections within ten days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. Failure to file written objections to the proposed findings, conclusions, and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*).

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE